UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WESLEY DEWAYNE PIERCE**  **CIVIL ACTION**

**VERSUS**  **NO. 22-5274**

**DEPUTY G. PETERSON, ET AL.**  **SECTION: "J"(1)**

### O R D E R

Plaintiff, a state inmate, filed this *pro se* and *in forma pauperis* federal civil rights case pursuant to 42 U.S.C. § 1983. He has now filed a motion requesting the appointment of counsel. Rec. Doc. 29. For the following reasons, that motion is **DENIED**.

"A district court should appoint counsel in a civil rights case **only** if presented with **exceptional** circumstances." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). See also Leachman v. Harris County, 779 F. App'x 234, 238 (5th Cir. 2019) ("[A plaintiff] has no automatic right to appointed counsel in [a] civil rights matter."). Further, the United States Fifth Circuit Court of Appeals has explained:

> Although no comprehensive definition of exceptional circumstances is practical, a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.
> The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (citations, quotation marks, and brackets omitted); accord Larson v. Westbrook, 799 F. App'x 263, 264-65 (5th Cir. 2020).

For the following reasons, the undersigned finds that this is not an exceptional case that would warrant the appointment of counsel.

First, it must be noted that plaintiff's claims allege the use of excessive force and challenge the adequacy of his jail medical care, and it can hardly be doubted that such claims are common in federal court. Moreover, his particular claims are neither factually nor legally complex.

Second, given the simplicity of his claims, plaintiff should have greater no difficulties in presenting his claims than those normally encountered by individuals proceeding without counsel.

Third, it does not appear that an abnormal amount of discovery will be required in this case, and plaintiff should be able to conduct what little discovery may be necessary in light of the nature and relative simplicity of his claims. Indeed, he already has access to his relevant grievance records and the jail's grievance procedures.[1] In addition, an inmate's jail medical records generally serve as the best evidence regarding his medical claims, and plaintiff's relevant medical records have already been provided to him as part of Dr. Ham's pending motion.[2]

Fourth, although presenting evidence and cross-examining witnesses at trial can prove difficult for a lay person, no trial is currently scheduled in this matter.

Lastly, although counsel might prove helpful, that is normally true in such cases. However, that alone does not make the appointment of counsel legally necessary here, especially given the straightforward nature of plaintiff's claims.

Considering all the relevant factors and the totality of circumstances in this case, Court again finds that appointment of counsel simply is not warranted.

New Orleans, Louisiana, this   23rd   day of June, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Rec. Doc. 5, pp. 11-16; Rec. Docs. 18-5 and 18-6.
[2] Rec. Docs. 21-2 and 21-3.