UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WESLEY DEWAYNE PIERCE                               CIVIL ACTION

VERSUS                                              NO. 22-5274

DEPUTY G. PETERSON, ET AL.                          SECTION: "J"(1)

**O R D E R**

Plaintiff has filed motions for leave to amend the complaint to add two new defendants: CorrectHealth St. Tammany, LCC ("CorrectHealth")[1] and Global Diagnostic Services ("GDS"). Rec. Docs. 38 and 43. Because he is no longer entitled to amend his complaint as a matter of course, he may amend the complaint "only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(1)-(2). Here, there has been no written consent to the amendments. Further, for the following reasons, leave of court will not be granted.

"Though Rule 15(a)'s mandate that leave to amend must be 'freely give[n] ... when justice so requires' significantly limits a district court's discretion, a district court still acts within its bounds when it denies leave because amendment would be futile." Ariyan, Inc. v. Sewage & Water Board of New Orleans, 29 F.4th 226, 232 (5th Cir. 2022), cert. denied, 143 S. Ct. 353 (2022). "Amendments are futile where the proposed amendment fails to state a claim, and courts review them under the same standard of legal sufficiency as applies under Rule 12(b)(6)." Nix v. Major League Baseball, 62 F.4th 920, 935-36 (5th Cir. 2023) (quotation marks omitted).

In his original complaint, plaintiff alleged that he was punched in the face by Deputy Gabriel Peterson. After the altercation, plaintiff's face was x-rayed. The x-rays were taken by GDS and evaluated by Dr. Robert (Ben) Roach. Dr. Roach concluded that there was "[n]o

---

[1] This entity is incorrectly identified in the motion as "Correct Health - St. Tammany."

radiographic evidence of an acute fracture" but cautioned: "Plain film radiographs are not sensitive for traumatic maxillofacial injuries. If a radiographically occult facial fracture is clinically suspected, thin-section maxillofacial CT scanning is a more sensitive study for evaluation of maxillofacial trauma."[2] Dr. Jose Ham, a CorrectHealth physician at the jail, reported the x-ray results to plaintiff but did not order a CT scan or other diagnostic procedures. Plaintiff alleges that months later it was determined that his cheekbone was in fact broken. With respect to his medical claim, plaintiff originally sued only Dr. Ham. He now seeks to amend his complaint to add CorrectHealth and GDS as defendants.

As to CorrectHealth, plaintiff alleges: "Correct Health - St. Tammany used x-rays from a machine that was not designed to properly determine the extent of my injuries."[3] For the following reasons, that allegation fails to state a claim against CorrectHealth.

A private company, such as CorrectHealth, which has been hired to run the medical department at a parish jail is treated as a municipal or local governmental entity for the purposes of § 1983, and, therefore, claims against such a company are analyzed as Monell claims. In a lawsuit in which a similar corporation, i.e. CorrectHealth Jefferson, LLC, had been named as a defendant, United States District Judge Mary Ann Vial Lemmon explained:

> "The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability." Alfred v. Corr. Corp., 2009 WL 789649, at *2, n.1 (W.D. La. Mar. 24, 2009) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (other citations omitted)). Thus, to establish CorrectHealth's liability under § 1983, [the plaintiff] must prove the existence of a policymaker, an official policy, and a violation of the plaintiff's constitutional rights for which the moving force was the policy or custom. See Duvall v. Dall. Cnty., Tex., 631 F.3d 203, 209 (5th Cir. 2011); Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001). The requirement of a policymaker, an official policy, and the 'moving force' of the policy, serve to distinguish individual violations by government healthcare

---

[2] Rec. Doc. 21-2, p. 1-2.
[3] Rec. Doc. 38, p. 1.

contractor employees from those that can be fairly considered actions of the government health contractor itself. Piotrowski, 237 F.3d at 578.

Woodward v. Lopinto, Civ. Action No. 18-4236, 2021 WL 1969446, at *5 (E.D. La. May 17, 2021); accord Guillotte v. Knowlin, Civ. Action No. 21-1422, 2021 WL 7632004, at *2-3 (E.D. La. Dec. 7, 2021) (treating a claim against CorrectHealth Lafourche, LLC, as a Monell claim), adopted, 2022 WL 355509 (E.D. La. Feb. 7, 2022); Carter v. Gautreaux, Civ. Action No. 19-105, 2020 WL 6251186, at *2 (M.D. La. Oct. 22, 2020) (treating a claim against CorrectHealth East Baton Rouge, LLC, as a Monell claim); Richardson Plaquemines Parish Detention Center, Civ. Action No. 19-10926, 2020 WL 5217017, at *5 (E.D. La. Aug. 12, 2020) (treating a claim against CorrectHealth Plaquemines, LLC, as a Monell claim), adopted, 2020 WL 5209302 (E.D. La. Sept. 1, 2020).

Regarding Monell claims, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**. To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).

In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom of CorrectHealth, much less identify such a policy or custom.

3

Specifically, for example, he does not allege that any CorrectHealth policy or custom prohibited Dr. Ham or any of its other employees from ordering a CT scan or other diagnostic procedures if it was determined that additional testing was medically necessary. Therefore, without more, plaintiff has failed to state a proper Monell claim against CorrectHealth, and so that proposed amendment is futile.

As to GDS, plaintiff alleges:

> Global Diagnostic Services is the x-ray imaging provider for the St. Tammany Parish jail. Under the "Recommendations" part of Exhibit "A" in Dr. Hams evidence, it is noted that "Plain film radiographs are not sensitive for traumatic maxillofacial injuries". So if a radiographically occult facial fracture was obvious, or even suspected, then plain film radiographs should not have been used to determine a diagnoses of my injury. Given that they know this but still made a "Finding" using inadequate equipment constitutes deliberate indifference. And because of that deliberate indifference, I was subjected to cruel and unusual punishment because my injuries were not properly diagnosed and therefore I could not receive adequate treatment, which is a violation of my eigth amendmant. And because I was "pre-trial", that punishment violated my fifth and fourteenth amendments of right to due process.[4]

For the following reasons, that proposed amendment is likewise futile.

First, there is no allegation that GDS is a state actor.[5] That posed no problem with respect to CorrectHealth because, despite its being a private corporation, it qualifies as a state actor due to its contractual arrangement with the local government. Specifically, the local government has a constitutional duty to provide inmates in its custody with medical care, and, here, it contractually delegated the performance of that duty to CorrectHealth. As a result, CorrectHealth is a state actor for purposes of § 1983. Phoenix ex rel. S.W. v. Lafourche Parish Government, Civ. Action No. 19-13004, 2020 WL 3269114, at *8 (E.D. La. June 17, 2020) ("When a state or municipality

---

[4] Rec. Doc. 43.
[5] Because plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person **acting under color of state law**." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).

4

contracts with a private party to administer healthcare to inmates or detainees, the private party and its employees administer the medical services under color of state law (because they perform a public function by providing medical care to individuals in state custody) and therefore may be sued as state actors."); see also Shadrick v. Hopkins County, 805 F.3d 724, 736 (6th Cir. 2015) ("[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983."). There is no suggestion that a similar delegation has occurred with respect to GDS.

Second, in any event, even if a similar relationship exists and GDS **could** qualify as a state actor, then, as with CorrectHealth, the claim against GDS would be a Monell claim and would have to be pled as such. Because, again, plaintiff has not alleged that his constitutional rights were violated as a result of a **policy or custom**, he has not properly stated a Monell claim against GDS. Therefore, that proposed amendment is likewise futile.

Accordingly, plaintiff's motions for leave to amend the complaint, Rec. Docs. 38 and 43, are **DENIED**.

New Orleans, Louisiana, this 22nd day of August, 2023.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**