UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESLEY DWAYNE PIERCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5274-JVM** |
| **DEPUTY G. PETERSON, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Wesley Dwayne Pierce, a state inmate, filed this *pro se* federal civil rights action asserting various claims against numerous defendants. Many of plaintiff's original claims have already been dismissed, and the only claims that remain are an excessive force claim against Deputy Gabriel Peterson and related failure-to-intervene claims against Deputy Thomas Christman, Deputy Joshua Lujan, and Deputy Russell Spinks.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[2]

In connection with this lawsuit, plaintiff has now filed a "Motion for Restraining Order/Motion for Assistance."[3] For the following reasons, that motion is **DENIED**.

To the extent that plaintiff is requesting a temporary restraining order, his motion is properly construed as one for a preliminary injunction because the relief he seeks would extend beyond the time limit of a temporary restraining order. See Neal v. Federal Bureau of Prisons, 76 F. App'x 543, 545 (5th Cir. 2003).[4] However, in any event, a fatal flaw in plaintiff's motion is

---

[1] Rec. Doc. 49.
[2] Rec. Doc. 53.
[3] Rec. Doc. 54.
[4] Under the law of this Circuit, a plaintiff must make a clear showing that he satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir.

1

that he has failed to establish how it, if granted, would achieve the true purpose of pretrial injunctive relief: "The purpose of a preliminary injunction is **merely to preserve the relative positions of the parties** until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 390, 395 (1981) (emphasis added). As the United States Eighth Circuit Court of Appeals explained:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. See Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that [plaintiff]'s motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of [plaintiff]'s 42 U.S.C. § 1983 lawsuit. To the contrary, [plaintiff]'s motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. See Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985).

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). See also Power v. Starks, No. 4:16-CV-00045, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017) ("Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit." (citations, quotation marks, and brackets omitted)); Lando & Anastasi, LLP v. Innovention Toys, L.L.C., Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) ("[W]hile a

---

1985). A preliminary injunction is therefore an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of those prerequisites. Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.

preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." (quotation marks and brackets omitted)); Schwartz v. United States Department of Justice, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)).

At the time he filed this lawsuit, plaintiff was detained at the St. Tammany Parish Jail, and his claims concern events at that facility. However, he has since been transferred to the Caldwell Correctional Center, and his instant motion alleges that his rights are being violated at his new facility. He does not explain how his requests regarding the conditions of his current confinement at the Caldwell Correctional Center are in any way aimed at preserving the status quo with respect to the claims in this lawsuit, which concern events that occurred at the St. Tammany Parish Jail. As a result, he has not established that the immediate relief he seeks is appropriate and necessary.

Lastly, the Court notes that plaintiff additionally requests that the Court order that he be transferred from the Caldwell Correctional Center to either Rayburn Correctional Center or the Elayn Hunt Correctional Center. However, placement of state prisoners is a matter left to the discretion of state officials. A prisoner has no right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir.

3

1995); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007). Accordingly, this Court simply has no authority to order the transfer plaintiff seeks. Jones v. LeBlanc, Civ. Action No. 10-0346, 2013 WL 3148634, at *9 (W.D. La. June 19, 2013); Hymel v. Champagne, Civ. Action No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007).

New Orleans, Louisiana, this 10th day of January, 2024.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**