UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WESLEY DEWAYNE PIERCE**                                      **CIVIL ACTION**

**VERSUS**                                                                  **NO. 22-5274-JVM**

**DEPUTY G. PETERSON, ET AL.**

**O R D E R**

Before the Court is plaintiff Wesley Dewayne Pierce's filing styled "Post-Ruling Memorandum Brief."[1]

Pierce, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. In pretrial rulings, all of his claims were dismissed except for an excessive force claim against Deputy Gabriel Peterson and failure-to-intervene claims against Deputies Thomas Christman, Joshua Lujan, and Russell Spinks.[2] The parties then consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c),[3] and a bench trial was held on those claims on August 22, 2024.[4] On November 4, 2024, after the parties filed their post-trial briefs,[5] the Court dismissed with prejudice Pierce's remaining excessive force claim against Gabriel Peterson and the related failure-to-intervene claims against Deputies Thomas Christman, Joshua Lujan, and Russell Spinks.[6] Specifically, the Court found that Peterson's use of force during an incident at the bench was not objectively unreasonable and did not constitute excessive force under the Fourteenth

---

[1] Rec. Doc. 90.
[2] Rec. Docs. 44 and 49; Pierce v. Peterson, Civ. Action No. 22-5274, 2023 WL 7312769 (E.D. La. Aug. 21, 2023), adopted, 2023 WL 7298959 (E.D. La. Nov. 6, 2023).
[3] Rec. Doc. 53.
[4] Rec. Doc. 80.
[5] Rec. Docs. 84, 85 and 87.
[6] Rec. Docs. 88 and 89.

Amendment.[7] The Court further found that, as Peterson did not violate Pierce's constitutional rights by using excessive force at the bench, Pierce's claims of bystander liability for failure-to-intervene against Christman, Lujuan and Spinks necessarily failed.[8] The Court also dismissed with prejudice Pierce's excessive force claim against Peterson regarding the first use of force on July 24, 2022 (the incident at the telephone) until the Heck conditions are met.[9] Pierce did not appeal.

Nearly six months later, on May 2, 2025, the Court received a filing from Pierce styled "Post-Ruling Memorandum Brief."[10] In his filing, Pierce contends that he was unable to subpoena doctors to testify regarding the conflicting x-ray readings.[11] He objects to the Court's credibility ruling with regard to Peterson's testimony.[12] Pierce also appears to contend that his first claim of excessive force should not have been dismissed under Heck.[13] Finally, he appears to argue that he was wrongfully denied counsel to represent him.[14]

As Pierce appears to seek relief from the judgment dismissing his claims, the Court construes plaintiff's filing as one pursuant to Fed. R. Civ. P. Rule 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been

---

[7] Rec. Doc. 88 at 13.
[8] Id. at 14.
[9] Rec. Doc. 89.
[10] Rec. Doc. 90.
[11] Id. at 1.
[12] Id. at 2.
[13] Id.
[14] Id.

reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6). Relief under Rule 60(b) is "uncommon" and "will be afforded only in 'unique circumstances.' " Lowry Dev., LLC v. Groves & Assocs. Ins., Inc., 690 F.3d 382, 385 (5th Cir. 2012); Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985) (quoting Wilson v. Atwood Group, 725 F.2d 255, 257, 258 (5th Cir. 1984)).

Here, Pierce does not allege mistake, inadvertence, excusable neglect, lack of notice, or any other reason that justifies relief. His motion may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). See Hess v. Cockrell, 281 F.3d 212, 215-16 (5th Cir. 2002). Relief under this provision is available "only if extraordinary circumstances are present." Id. at 216 (citation omitted). For the following reasons, the grounds advanced by Pierce do not entitle him to relief.

First, Pierce claims that he was unable to subpoena two doctors from the University Medical Center New Orleans because he did not receive from the defendants the pertinent medical records identifying their names until eight days prior to trial.[15] The record reflects that, at a May 28, 2024, status conference, the Court ordered **plaintiff**, if he, through his mother, obtained his medical records from University Medical Center New Orleans and intended to use them at trial to provide copies of those records to defense counsel by June 28, 2024.[16] On July 26, 2024, the Court ordered Pierce to provide copies of any exhibits the planned to introduce at trial to defense counsel by August 9, 2024.[17] On August 8, 2024, Pierce claimed that his mother had been unable to obtain his medical records from UMC.[18] On August 16, 2024, defendants stated that they had located

---

[15] Rec. Doc. 90 at 1.
[16] Rec. Doc. 59 at 2.
[17] Rec. Doc. 72 at 3.
[18] Rec. Doc. 77.

3

four pages of medical records from UMC related to Pierce's dental appointments.[19] Defendants stated that they had previously provided a copy of all medical records to Pierce, but, because they were unable to confirm whether these four pages had been previously provided, they again sent copies of the records to Pierce.[20]

Ultimately, it was Pierce's responsibility to gather the evidence necessary to present his case. Pierce filed this case in December 2022 and had nearly 20 months to prepare his case for trial. The fact that Pierce's failure to seek his own medical records from UMC Health in a timely fashion resulted in his late discovery of the names of the doctors and prevented him from attempting to subpoena them as witnesses at trial does not warrant setting aside the judgment in this case. Furthermore, in its November 4, 2024 Order and Reasons, the Court found that Pierce had failed to establish by a preponderance of the evidence that he sustained any injury as a result of the use of force **at the bench**.[21] Pierce has not demonstrated that the doctors would have been able to provide any testimony that any injury he suffered was a result of the **second** incident rather than the first one at the telephone

Next, Pierce objects to the Court's finding regarding Peterson's credibility.[22] Pierce states that the finding was "completely meritless."[23] Pierce's mere disagreement with the Court's credibility finding does not warrant setting aside the November 4, 2024, judgment.

---

[19] Rec. Doc. 78-1 at 3.
[20] Id.
[21] Rec. Doc. 88 at 10-11.
[22] Rec. Doc. 90 at 2; see Rec. Doc. 88 at 7.
[23] Id.

As noted, Pierce also appears to contend that his excessive force claim against Peterson related to the first incident should not have been dismissed with prejudice under Heck.[24] A review of the complaint demonstrates that Pierce alleged that Peterson used excessive force during two separate incidents on July 24, 2022.[25] The first incident occurred at the telephone and the second occurred when Pierce was restrained on a cool-down bench.[26] The Court found that, because Pierce pled guilty to the crime of battery of a police officer relating to the incident at the telephone, his excessive force claim against Peterson relating to the first incident (at the telephone) was barred by Heck v. Humphrey, 512 U.S. 477 (1994).[27] To date, Pierce has not shown that the Heck conditions have been met. He therefore is not entitled to relief.

Finally, Pierce claims he was wrongfully denied appointment of counsel to represent him. In June, 2023, Pierce filed a motion requesting appointment of counsel.[28] On June 23, 2023, the Court denied relief, finding that Pierce failed to demonstrate the existence of exceptional circumstances warranting the appointment of counsel.[29] Pierce later filed a second motion for appointment of counsel.[30] On December 6, 2023, after considering the relevant factors and the totality of the circumstances in the case, the Court again found that appointment of counsel was not warranted.[31] The record demonstrates that Pierce capably represented himself throughout the

---

[24] Id.
[25] Rec. Doc. 5 at 6-7.
[26] Id.
[27] Rec. Doc 44 at 9-13; Rec. Doc. 49; Pierce, 2023 WL 7312769 at *6-9.
[28] Rec. Doc. 29.
[29] Rec. Doc. 31.
[30] Rec. Doc. 48.
[31] Rec. Doc. 52.

case, including at trial, and filed post-trial briefs.[32] Pierce has not shown that exceptional circumstances existed warranting appointment of counsel.

For these reasons, Pierce is not entitled to relief pursuant to Rule 60(b).

Accordingly,

**IT IS ORDERED** that plaintiff's "Post-Ruling Memorandum Brief," Rec. Doc. 90, which the Court construes as a motion pursuant to Rule 60(b), Fed R. Civ. P., is **DENIED**.

**IT IS FURTHER ORDERED** that, in accordance with the Civil Statistical Guide, the Clerk shall *nunc pro tunc* **OPEN** this case for statistical credit for the Court's consideration of the motion filed May 2, 2025, and **CLOSE** the case on resolution of the motion upon this date.

New Orleans, Louisiana, this __8th__ day of May, 2025.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] Rec. Docs. 85 and 88.